IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00741-BNB

WILLIAM L. YOUNG,

    Applicant,

v.

TK COZZA RHODES,

    Respondent.

**ORDER DENYING LEAVE TO PROCEED PURSUANT TO 28 U.S.C. § 1915**

    Applicant, William L. Young, is a prisoner in the custody of the United States Bureau of Prisons who is currently incarcerated at the Federal Correctional Institution in Florence, Colorado. Mr. Young initiated this action by submitting a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 to the Court.

    On March 26, 2012, Magistrate Judge Boyd N. Boland directed Mr. Young to cure several deficiencies in this action. Specifically, Magistrate Judge Boland directed Mr. Young to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in addition to a current, certified copy of his prisoner's trust fund statement. On April 5, 2012, Mr. Young submitted a current, certified copy of his prisoner's trust fund statement. He has not submitted a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Nonetheless, because the account statement indicates that Mr. Young should be denied leave to proceed *in forma pauperis*, the Court will construe the account statement as a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. For the reasons stated below, the

§ 1915 motion will be denied because Mr. Young does not qualify for leave to proceed pursuant to § 1915.

Subsection (a)(1) of 28 U.S.C. § 1915 allows a litigant to commence a lawsuit without prepayment of fees or security therefor. However, "[t]here is no absolute right to proceed in court without paying a filing fee in civil matters." *Holmes v. Hardy*, 852 F.2d 151, 153 (5th Cir. 1988); *see also* 28 U.S.C. § 1914(a). Proceeding *in forma pauperis* pursuant to § 1915, *i.e.* without paying a filing fee under § 1914, is a privilege extended to individuals unable to pay such a fee. *See Holmes*, 852 F.2d at 153.

The certified copy of Mr. Young's account statement, filed on April 5, 2012, shows that he has an available balance of $87.65 in his inmate account as of March 27, 2012. Therefore, the Court finds that Mr. Young has sufficient funds to pay the $5.00 filing fee and leave to proceed pursuant to § 1915 will be denied. Mr. Young will be directed to pay the $5.00 filing fee required pursuant to 28 U.S.C. § 1914 if he wishes to pursue his claims in this action. Accordingly, it is

ORDERED that the trust fund account statement filed on April 5, 2012 (Doc. # 5) is construed as a Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and the Motion is denied. It is

FURTHER ORDERED that Mr. Young shall pay the full **$5.00** filing fee **within thirty (30) days from the date of this order** if he wishes to pursue his claims in this action. It is

3

FURTHER ORDERED that, if Mr. Young fails to pay the $5.00 filing fee within the time allowed, the action will be dismissed without further notice.

DATED at Denver, Colorado, this   10th   day of    April    , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

3